UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES ROBINSON,

                    Petitioner,

                                                    01-CR-131
        -against-                                   04-CV-0012
                                                        LEK

UNITED STATES OF AMERICA,

                    Respondent.

_____

## DECISION AND ORDER

        This motion for post-conviction relief comes before the Court pursuant to 28 U.S.C. § 2255,

following the indictment, guilty plea, and sentencing of Charles Robinson (hereinafter "Petitioner").

Petitioner was indicted on March 23, 2001 for (1) conspiring to conduct financial transactions with

the proceeds of specified unlawful activities, namely, the distribution of marijuana (18 U.S.C. §

1956(a)(1)(B)); (2) conspiring to distribute in excess of 100 kilograms of marijuana (21 U.S.C. §

846); and two counts of carrying and using a firearm during and in relation to a drug trafficking

crime (18 U.S.C. § 924(c)(1)).  On his first appearance before the Court, he pled not guilty and

invoked his right to a jury trial.  However, he later accepted the Government's plea agreement and

was sentenced to a term of 96 months in prison.  Pursuant to the agreement, he pled guilty to counts

(1) and (2) with a total weight of 50 kilograms of marijuana, and he also agreed to forfeit his

personal interests in certain personal property that was seized.  Petitioner, before accepting the plea

agreement, conferred with defense counsel about any options he may have had.  Defense counsel,

however, advised him that the case against him was too strong and he had no defense.

1

Petitioner now challenges his conviction on two separate grounds.  First, he claims his guilty plea was not entered voluntarily, and therefore was in violation of his 5th Amendment right of due process.  Second, he claims his plea was entered in violation of his 6th Amendment right to effective assistance of counsel.  Petitioner bases his claims on his belief that he had a statute of limitations defense about which his attorney did not inform him.  The relevant statute of limitations, governed by 18 U.S.C. § 3282, is five years.  Petitioner mistakenly believes that the statute of limitations starts to run on the day following the commission of his last overt act.  Petitioner claims that the activities underlying the second count of conspiracy to distribute marijuana were his last overt actions in the conspiracy, the conviction for which occurred on June 23, 1989, almost twelve years before he was indicted on March 23, 2001.  However, the statute of limitations begins to run when there has been an affirmative withdrawal by a conspirator, not upon the completion of his last overt act.  United States v. Flaharty, 295 F.3d 182, 192 (2d Cir. 2002).  For this to occur, there must be some affirmative action to disavow or defeat the purpose of the conspiracy.

An individual can join a conspiracy and be guilty of such, even if the object of the conspiracy was never accomplished or the individual has withdrawn from the conspiracy prior to the commission of the underlying crime.  United States v. Purvis, 544 F. Supp. 68, 70 (S.D.N.Y. 1982).  Proof of conspiracy is complete when "the agreement is shown, an overt act accomplished and a conspirator joins with the requisite knowledge and intent."  Id.  However, if a conspirator later affirmatively withdraws, he is no longer responsible for the acts and declarations of his co-conspirators that occur after his withdrawal.  Id.

In a conspiracy case, the burden of demonstrating affirmative withdrawal rests on the defendant.  Fears v. Wilhelmina Model Agency, Inc., 2004 WL 594396 (S.D.N.Y. 2004); *see* United

2

States v. Berger, 224 F.3d 107 (2d Cir. 2000).  The defendant must do more than merely withdraw or cease activity in the conspiracy; he must take an affirmative action to "'disavow or defeat the purpose of the conspiracy . . . to make sure that withdrawal did occur and it is not simply being invented ex post.'"  Fears, 2004 WL 594396; *see* United States v. Nerlinger, 862 F.2d 967 (2d Cir. 1988).  Therefore, until affirmative evidence of withdrawal has been produced, a defendant's participation in the conspiracy is presumed to continue until the last overt act by any of the conspirators occurs.  Fears, 2004 WL 594396; *see* United States v. Panelbance, 543 F.2d 447 (2d Cir. 1976).

Petitioner has presented no evidence that he has done more than just cease activity in the ongoing conspiracy.  There is no evidence indicating that he took any affirmative action to disavow or defeat the purpose of the conspiracy.  Since petitioner never affirmatively withdrew from the conspiracy, the statute of limitations never began to run.  Therefore, petitioner cannot be granted post conviction relief.

Accordingly, it is hereby

ORDERED, that the motion for post conviction relief is **DISMISSED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

IT IS SO ORDERED.

DATED:      October 19, 2004
            Albany, New York

Lawrence E. Kahn
U.S. District Judge